**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Appellee,

v.

FRANCISCO SORIA,

Appellant.

No. 24-3541

D.C. No.
2:22-cr-00335-MWF-1

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted September 16, 2025**
Pasadena, California

Before: BYBEE, IKUTA, and LEE, Circuit Judges.

Defendant-Appellant Francisco Soria appeals the district court's denials of

his motion to suppress, his related request for an evidentiary hearing, and his

motion to dismiss his Section 922(g)(1) felon-in-possession count.  We affirm the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's denials.

We have jurisdiction to review the district court's final judgment pursuant to 28 U.S.C. § 1291. We review de novo the denial of a motion to suppress, *United States v. Zapien*, 861 F.3d 971, 974 (9th Cir. 2017), the validity of a search warrant, *United States v. King*, 985 F.3d 702, 707 (9th Cir. 2021), and the constitutionality of a federal statute, *United States v. Oliver*, 41 F.4th 1093, 1097 (9th Cir. 2022). We review factual findings for clear error. *Zapein*, 861 F.3d at 974. And we review the denial of an evidentiary hearing for abuse of discretion. *United States v. Cook*, 808 F. 3d 1195, 1201 (9th Cir. 2015).

1.    The warrant was valid. The magistrate issued it based on the officers' adequately particular description of "the place to be searched." U.S. Const. amend. IV; *see also Mena v. City of Simi Valley*, 226 F. 3d 1031, 1036 (9th Cir. 2000) (citation omitted). And the officers had probable cause as to the "specific areas" identified in the warrant, having gathered evidence via authorized Title III wiretaps indicating narcotics trafficking tied to Soria's address and his Jeep. *Maryland v. Garrison*, 480 U.S. 79, 84–85 (1987); *Mena*, 226 F. 3d at 1036–1038. Although law enforcement learned that the warrant was overbroad as to his address when they executed the warrant and discovered the building was not a "single-family residence" but had been divided into three makeshift subunits, officers neither knew nor should have known of this arrangement when seeking the warrant.

*Garrison*, 480 U.S. at 85–86. There was no record of residential subdivision at that address, which was listed as Soria's official address on his driver's license. Additionally, there were no clear signs of multiple residences on the exterior of the home or through map views available online. Despite overbreadth discovered in hindsight, the warrant was valid. *Garrison*, 480 U.S. at 80, 85–87 (upholding a warrant that described only a "third floor apartment" when the building in fact had "two separate units on the third floor"); *see also Mena* at 1035–36 (upholding a warrant authorizing the search of a "single family dwelling" that was in fact a "multi-unit dwelling").

      2.     The execution of the warrant as to Soria was also valid, and he lacks standing to challenge its execution as to his neighbors. Soria effectively admitted that he has a "reasonable expectation of privacy" only in his subunit. He thus lacks standing to challenge officers' engagements with the other subunits because he has neither a property nor possessory interest in them. *Rakas v. Illinois*, 439 U.S. 128, 148 (1978); *see U.S. v. Zermeno*, 66 F.3d 1058, 1061 (9th Cir. 1995); *U.S. v. Paopao*, 469 F.3d 760, 765 (9th Cir. 2006) (rejecting a suppression motion based on an "officer's entry" and "protective sweep" of a location where the defendant lacked a "reasonable expectation of privacy"). Moreover, the only evidence seized was taken from his residence. As the suspect, Soria cannot suppress evidence found in his home pursuant to a valid warrant.

3.      The district court denied Soria's request for an evidentiary hearing seeking to determine what police knew and when they knew it upon obtaining and then executing the warrant because it had "resolved the potential factual dispute in [Soria's] favor." It did not abuse its discretion in doing so. *Cook*, 808 F. 3d at 1201.

4.      The district court properly upheld the constitutionality of 18 U.S.C. § 922(g)(1). We held in *United States v. Duarte* that this provision is constitutional on its face and as applied to "non-violent felons." 137 F. 4th 743, 748 (9th Cir. 2025) (en banc). Soria's Section 922(g)(1) count is thus constitutional, both facially and as applied.

The district court's denials of Soria's motion to suppress, request for an evidentiary hearing, and motion to dismiss are **AFFIRMED**.